UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


KIMBERLY MICHELE PIERZINA,

      Plaintiff,

v.                                   Case No:  2:17-cv-453-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER[1]

Plaintiff Kimberly Michele Pierzina seeks judicial review of the denial of her claims for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner").   The Court has reviewed the record, the Joint Memorandum (Doc. 21) and the applicable law.   For the reasons discussed herein, the decision of the Commissioner will be reversed and remanded pursuant to 42 U.S.C. § 405(g), sentence four.

_____

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge.   Docs. 16, 18.

## I.    Issues on Appeal[2]

Plaintiff raises three issues on appeal: [3] (1) whether the ALJ properly considered the opinions of Plaintiff's treating physicians; (2) whether the ALJ properly considered Plaintiff's diagnosis of fibromyalgia; and (3) whether substantial evidence supports the ALJ's assessment of Plaintiff's credibility.

## II.    Summary of the ALJ's Decision

On November 1, 2013, Plaintiff filed applications for DIB and SSI, alleging her disability began August 30, 2013 due to digestive system problems, swelling in her feet, depression, anxiety and the removal of her left kidney.   Tr. 231-34, 247. Plaintiff's claim for DIB was denied initially on December 19, 2013, and upon reconsideration on March 10, 2014.   Tr. 120-21, 143-44.   On March 28, 2014, Plaintiff requested a hearing, and ALJ William G. Reamon held a hearing on April 6, 2016, in which Plaintiff was represented by counsel.   Tr. 45-95, 167-68.   Plaintiff and vocational expert Cindy Fisher testified at the hearing.   *See* Tr. 45-95.

In his decision, at step one of the sequential evaluation process,[4] the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2017 and had not engaged in substantial gainful activity since the

---

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived.   *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[3] For clarity and judicial efficiency, the Court will address Plaintiff's issues differently than in the Joint Memorandum.

[4] The sequential evaluation process is described in the ALJ's decision.   Tr. 24-25.

alleged onset date of August 30, 2013.  Tr. 25.   Next, at step two, the ALJ found

Plaintiff had severe impairments of chronic renal failure, obesity and affective

disorder with anxiety features.  Tr. 26.  At step three, the ALJ concluded Plaintiff

"does not have an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix 1."  Tr. 26.  The ALJ determined Plaintiff had the RFC to perform light

work,[5] except:

> the claimant should never climb ladders, ropes, or scaffolds, but can
> occasionally climb ramps or stairs. The claimant can frequently balance,
> stoop, kneel, crouch, and crawl. The claimant should avoid exposure to
> dangerous moving machinery and unprotected heights. The claimant
> can understand, remember, and carry out simple instructions. She can
> have occasional interaction with the general public, coworkers, and
> supervisors.

Tr. 28.

At step four, the ALJ determined Plaintiff was unable to perform any past

relevant work.  Tr. 33.   Finally, at step five, the ALJ determined there were a

significant number of jobs in the national economy Plaintiff could perform.  Tr. 33-

---

[5] The regulations define light work as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of
> objects weighing up to 10 pounds.   Even though the weight lifted may be very
> little, a job is in this category when it requires a good deal of walking or
> standing, or when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls.   To be considered capable of performing a full
> or wide range of light work, you must have the ability to do substantially all of
> these activities.   If someone can do light work, we determine that he or she
> can also do sedentary work, unless there are additional limiting factors such
> as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

34. Thus, the ALJ found Plaintiff was not disabled from August 30, 2013 through the date of the decision. Tr. 34. The Appeals Council denied Plaintiff's request for review on June 3, 2017, and Plaintiff subsequently filed a Complaint with this Court. Tr. 1-7; Doc. 1. The ALJ's June 29, 2016 decision is the final decision of the Commissioner, and the matter is now ripe for review.

## III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[6] Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

"In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." *Hunter v. Soc. Sec. Admin., Comm'r*, 808

---

[6] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c, 404.1527 (effective March 27, 2017), 416.920a, 416.920c, 416.927 (effective March 27, 2017); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

F.3d 818, 822 (11th Cir. 2015). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. Discussion

### A. Treating physicians' opinions

In evaluating the medical opinions of record, including those of treating medical providers, examining medical providers and non-examining state agency medical consultants, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(e), 416.927(e); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or

mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1); *Winschel*, 631 F.3d at 1178-79.

When determining how much weight to afford a medical opinion, the ALJ considers whether there is an examining or treating relationship and the nature and extent thereof; whether the source offers relevant medical evidence to support the opinion; consistency with the record as a whole; the specialization of the source, if any; and any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). Opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Medical source opinions may be discounted, however, when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Further, the ultimate opinions as to whether a claimant is disabled, the severity of a claimant's impairments, the claimant's RFC and the application of vocational factors are exclusively reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2); SSR 96-6p, 1996 WL 374180 (July 2, 1996).

1. <u>Dr. Loukanova</u>

Dr. Milena Loukanova was Plaintiff's treating physician from about March 31, 2011 to September 2013, one month after Plaintiff alleges she became disabled.   Tr. 352-64, 433-51, 452-483.   The parties' joint statement of facts summarizes these records, beginning with Plaintiff's treatment for abdominal and back pain and anxiety.   Doc. 21 at 3-7; Tr. 360.   The March 2011 visit was a follow-up to Plaintiff's recent visit to the emergency room in which a CT scan revealed she had a kidney stone.   Tr. 360.   Dr. Loukanova diagnosed a kidney stone and referred Plaintiff to a urologist, who after testing recommended Plaintiff undergo left kidney surgery.   Tr. 360-62, 374.   In July 2011, Plaintiff underwent a nephrectomy in which her left kidney was removed.   Tr. 397-400.   Even though three to five months post-surgery in December 2011 Plaintiff was doing well, in a later visit to Dr. Loukanova in February 2012 Plaintiff complained of ankle swelling, sleep apnea and snoring that had begun about a month earlier.   Tr. 479.   Plaintiff's swelling symptoms were worsened by walking.   *Id.*   On examination, Dr. Loukanova diagnosed Plaintiff with edema and arthralgia and prescribed Prednisone for the swelling and Vicodin for the pain.   Tr. 480.   Plaintiff returned to Dr. Loukanova in April 2012 complaining of foot swelling.   Tr. 474.   At the time, Plaintiff still was working full-time waitressing at a diner, and was on her feet all day.   *Id.*; Tr. 56-57, 241-42.   A renal sonogram ordered by Dr. Loukanova showed a kidney stone in Plaintiff's remaining right kidney.   Tr. 443.   Plaintiff was diagnosed with chronic kidney disease, disorder of

the urethra and urinary tract, infection and nonspecific psychiatric disorder. Tr. 449.

Plaintiff returned to Dr. Loukanova on two more occasions, first in October 26, 2012 to address her anxiety and depression, at which time Plaintiff was continued on Celexa and Vicodin and started on Xanax, and again in March 2013 complaining of cold and flu symptoms during which Dr. Loukanova diagnosed her with an upper respiratory infection. Tr. 462-63, 468-70. On the same date as the March visit, about six months before Plaintiff's alleged onset date of disability, Dr. Loukanova wrote a letter "to whom it may concern," opining that Plaintiff was unable to work more than 25-30 hours per week because of the swelling and pain in her lower extremities. Tr. 436. Plaintiff next visited Dr. Loukanova on September 7, 2013 with complaints of flank pain, gastric reflux, joint pain, skin problems and fatigue. Tr. 457. The physician diagnosed Plaintiff with fatigue for which she ordered laboratory tests, depression and arthralgia. Tr. 458. Dr. Loukanova noted Plaintiff had been having joint pain for three months. *Id.* The record noted Plaintiff's medications included Celexa, Vicodin and Prilosec. *Id.*

## 2. Dr. Luis Cardentey

Dr. Cardentey saw Plaintiff as a new patient on January 27, 2015 for an annual physical and complaints of pain in her feet. Tr. 633. She was diagnosed with depression, urinary calculus on the left side and fibromyalgia. Tr. 636.

Plaintiff argues that the ALJ erred by not discussing Dr. Loukanova's March 2013 opinion that Plaintiff was limited in the hours she could work. Doc. 21 at 21.

She also asserts the ALJ erred by failing to discuss any of Dr. Loukanova's records. *Id.* Plaintiff argues the failure to consider Dr. Loukanova's opinion and medical records requires remand, because the opinion suggests Plaintiff has greater limitations than the ALJ found in the RFC. *Id.* The Commissioner responds first that the March 2013 opinion is almost six months before Plaintiff's alleged date of disability, and second that an opinion that Plaintiff could work limited hours – 25 to 30 – is not "indicative of a disabling opinion," as Plaintiff was working at "[substantial gainful activity] level" – 50-55 hours, in fact – at the time. *Id.* at 21-22 (citations omitted). The Commissioner asserts any error in the ALJ's failure to discuss Dr. Loukanova's opinion is harmless. *Id.* at 22.

As noted, in *Winschel*, the Eleventh Circuit recognized that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." 631 F.3d at 1179. Otherwise, the reviewing court "cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.*

In discussing Plaintiff's medical records, the ALJ failed to discuss – or even mention *at all* – any of Dr. Loukanova's medical records, including the March 2013 opinion. Because Dr. Loukanova's records of diagnoses and treatment and her medical opinions are relevant to the limitations set by the ALJ in the RFC, and the Court is unable to determine if he considered them in his determination and if so, what weight he afforded them, reversal is required. *Winschel*, 631 F.3d at 1179. Moreover, any error from the ALJ's failure to address Dr. Loukanova's opinions or

diagnoses is compounded because Dr. Loukanova was Plaintiff's treating physician, and generally the ALJ is required to weigh these opinions more heavily. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Likewise, the ALJ failed to address at all the medical record and diagnoses of treating physician Dr. Cardentey. Without any discussion of these records, the Court cannot determine whether the ALJ considered this evidence and if any error in failing to do so was harmless without impermissibly re-weighing the evidence. *See Mills v. Astrue*, 226 F. App'x 926, 930-32 (11th Cir. 2007) (reversing ALJ's decision to give treating psychiatrist no substantial weight because the reasons supporting the decision were unsupported by substantial evidence and the court could not determine whether the error was harmless without reweighing the evidence). Accordingly, the Court cannot determine whether substantial evidence supports the ALJ's decision; therefore reversal and remand for further administrative proceedings is required. *Winschel*, 631 F.3d at 1179.

Plaintiff also argues the ALJ erred in the following respects: in failing to recognize Plaintiff's fibromyalgia as a severe, medically determinable impairment and consider it in determining Plaintiff's RFC; and in improperly discounting Plaintiff's credibility. Because this case must be remanded for consideration of the treating physicians' opinions, the Court will direct the ALJ to re-evaluate the other issues raised by Plaintiff.

## V.    Conclusion

For the above reasons, reversal and remand for further administrative proceedings is required.   Accordingly, it is **ORDERED**:

1.    The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to the Commissioner to:

> a. Review and consider all of Plaintiff's medical records, including those of Dr. Loukanova and Dr. Cardentey, and determine the weight to be given to such evidence and the reasons therefor, as well as the effect, if any, they have on the assessment of Plaintiff's RFC;
>
> b. Reevaluate Plaintiff's medically determinable impairments and their severity as well as Plaintiff's RFC in light of the medical evidence of record, especially as related to her diagnosis of fibromyalgia;
>
> c. Reevaluate Plaintiff's subjective complaints, credibility and testimony in light of the medical evidence of record;
>
> d. Make any other determinations consistent with this Opinion and Order, or in the interests of justice.

2.    The Clerk of Court is directed to enter judgment in favor Plaintiff, Kimberly Michele Pierzina, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record