UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY MICHELE PIERZINA,

   Plaintiff,

v.              Case No: 2:17-cv-453-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act filed on February 6, 2019. Doc. 24. Plaintiff moves pursuant to the EAJA for an award of attorney's fees in the amount of $5,201.91 and expenses in the amount of $49.18. *Id.* at 1. Plaintiff includes an itemization of time confirming a total of 24.6 hours of attorney time from 2017 and 2018 expended at the hourly rates of $195.61 and $198.49, respectively, as well as 7.1 hours of paralegal time expended at the hourly rate of $100. *Id.* at 4-6. The Commissioner does not oppose the requested relief. *Id.* at 2. For the reasons stated below, the motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than two million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on November 14, 2018, the Court entered an Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 22. Judgment was entered on November 15, 2018. Doc. 23. Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified, and Plaintiff's net worth at the commencement of this case was less than two million dollars. *Id.* at 3-4. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met. *See id.* at 2.

EAJA fees are "based upon the prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting adjusted hourly rates that are authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work performed during 2017 and 2018. Doc. 24 at 4. Because the Commissioner does not object to the adjusted hourly rates sought and they are within the rates permitted by the EAJA, the Court finds $195.61 for 2017 and $198.49 for 2018 are appropriate and reasonable hourly rates for those years, and that $100 is an appropriate and reasonable paralegal hourly rate. Plaintiff's counsel also has submitted a schedule of hours that includes an itemization of legal services performed. *See* Docs. 24-1–24-11. After reviewing

the description of the services provided, the Court also concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is

**ORDERED:**

1.  Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 24) is **GRANTED**. Attorney's fees in the total amount of $5,201.91 and costs in the amount of $49.18 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2.  The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $5,201.91 and costs in the amount of $49.18 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of February, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record